944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clyde Eugene WOODS, Petitioner-Appellant,
v.
Aaron JOHNSON, Attorney General of North Carolina, Lacy H.
Thornburg, Respondents-Appellees.
 No. 91-7528.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CA-90-106-G)
 Clyde Eugene Woods, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 M.D.N.C.
 DISMISSED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Clyde Eugene Woods seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition without prejudice because of his failure to exhaust his state remedies, as required under Rose v. Lundy, 455 U.S. 509 (1982). Because our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal lacks merit, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Woods v. Johnson, CA-90-106-G (M.D.N.C. Jan. 24, 1991).
 
 
 2
 Because this is the second time the district court has dismissed one of Woods's § 2254 petitions due to this failure to exhaust his state remedies, we conclude, on the record before this Court, that Woods has exhausted the following claims he presented in his federal petition: (1) his indictment failed to adequately inform him of the crime of which he was convicted; (2) the prosecuting attorney unconstitutionally used testimony which he knew was perjured to convict him; and (3) trial counsel was ineffective because he had a conflict of interest, failed to impeach a prosecution witness, and failed to subpoena a witness to testify. To exhaust his federal claims, Woods should file a motion for appropriate relief in the state trial court raising all claims not yet exhausted.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 DISMISSED.